19-982-cv
Hyshaw v. Comm'r Soc. Sec.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand twenty.

PRESENT: BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
RICHARD K. EATON,*
*Judge*.

------------------------------------------------------------------

LATIFKA SHEREDA HYSHAW,

*Plaintiff-Appellant*,

v.                                                    No. 19-982-cv

COMMISSIONER OF SOCIAL SECURITY,

*Defendant-Appellee*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:           BRANDI SMITH, Law Offices of
                                   Kenneth R. Hiller, PLLC,
                                   Amherst, NY.

---

* Judge Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

FOR DEFENDANT-APPELLEE: DANIELLA M. CALENZO, Special Assistant United States Attorney (Ellen E. Sovern, Regional Chief Counsel—Region II, Office of the General Counsel, Social Security Administration, New York, NY, *on the brief*), *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (William B. Mitchell Carter, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Latifka Hyshaw appeals from a judgment of the District Court (Carter, M.J.) affirming a decision of the Commissioner of Social Security to deny Hyshaw's request for disability benefits. On appeal, Hyshaw principally argues that the Administrative Law Judge (ALJ) "erred by failing to develop the record with a formal intelligence examination," Appellant's Br. 1, and that the ALJ's conclusions as to Hyshaw's Residual Functional Capacity (RFC) were not supported by substantial evidence. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

2

### 1. Additional Intelligence Testing

An "ALJ has an obligation to develop the record in . . . benefits proceedings, regardless of whether the claimant is represented by counsel." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000). But "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." Rosa v. Callahan, 168 F.3d 72, 79 n.5 (2d Cir. 1999). Hyshaw contends that the ALJ should have ordered additional intelligence testing here because the record "was devoid of a valid IQ score or a formal assessment of her cognitive functioning from [her] teenage years or adulthood." Appellant's Reply Br. 5. But the record contained valid IQ testing from 2007. Although Hyshaw argues that this test was outdated, a report by a school psychologist in 2011—roughly three years before Hyshaw applied for benefits—noted that Hyshaw's "previous evaluation [in 2007] continues to represent her cognitive ability." Admin. R. 311. In addition, both Dr. Ippolito, who conducted a consultative examination of Hyshaw, and Dr. Totin, who reviewed the record evidence, concluded that Hyshaw could perform simple work despite her cognitive limitations. We therefore reject Hyshaw's argument

3

that there were "obvious gaps" in the record requiring the ALJ to conduct a formal intelligence examination.   Callahan, 168 F.3d at 79 n.5.

### 2. Substantial Evidence

Hyshaw next argues that the ALJ's RFC determination was not supported by substantial evidence.   We disagree.   The ALJ appropriately considered the opinions of Dr. Ippolito and Dr. Totin, and permissibly "exercise[d] discretion in weighing the credibility of [Hyshaw's] testimony in light of the other evidence in the record."   Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010).   We therefore conclude that substantial evidence supported the Commissioner's decision to reject Hyshaw's claim for benefits.

We have considered Hyshaw's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court